UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH KRUPPENBACHER,<br><br>                    Plaintiff,<br><br>-against-<br><br>MICHAEL KIRKPATRICK, Former Superintendent CCF; THOMAS R. GRIFFIN, Former Superintendent GHCF; D. KEYSOR, Former Deputy Superintendent of Administration CCF; JOHN DOE #1, Correctional Officer CCF; JOHN DOE #2, Correctional Officer, Inmate Claims Coordinator GHCF,<br><br>                    Defendants. | 20-CV-1820 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff, currently incarcerated in Clinton Correctional Facility ("CCF"), brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. Plaintiff names as Defendants former CCF Superintendent Michael Kirkpatrick, former Superintendent of Green Haven Correctional Facility ("GHCF") Thomas Griffin, former CCF Deputy Superintendent D. Keysor, and two John Doe correction officers. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

## DISCUSSION

       Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this action asserting claims that he was denied his property when he was incarcerated in CCF. The complaint alleges that a John Doe correction officer in the package room at CCF denied Plaintiff his legal books and typewriter. Plaintiff submitted inmate claim forms for the items to CCF Deputy Superintendent Keysor. On September 18, 2015, while his claims were pending before Keysor, Plaintiff was transferred to GHCF. He then sent letters to GHCF inmate claims coordinator and GHCF Superintendent Griffin in which he requested their assistance in recovering his property from CCF. Keysor denied Plaintiff's claims, and CCF Superintendent Kirkpatrick denied his subsequent appeals. Plaintiff then filed claims with the New York State Court of Claims, Albany County, which dismissed Plaintiff's actions for lack of jurisdiction because he failed to exhaust his administrative remedies. (*Id.* at 9-10.) Plaintiff is currently incarcerated in CCF.

The central event giving rise to Plaintiff's claim – confiscation of his property – occurred at CCF, located in Dannemora, Clinton County, New York. Plaintiff asserts that "the addresses of each and everyone [sic] of the Defendants" is in Albany County, New York. (ECF No. 1, at 3.) But he does not provide specific addresses for Defendants, nor does he state where they reside, for venue purposes. Two of the Defendants – GHCF Superintendent Griffin and the John Doe GHCF inmate claims coordinator – appear to be employed by GHCF, which is located in this District. It is possible that these Defendants also reside in this District, and therefore this Court may be a proper venue for this action under § 1391(b)(1). But as a substantial part of the events or omissions underlying Plaintiff's claim occurred in Clinton County, it is clear that the United

States District Court for the Northern District of New York is a proper venue for this action under § 1391(b)(2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in CCF, where Plaintiff is currently incarcerated, and where most witnesses and evidence would appear to be located. CCF is located in Dannemora, Clinton County, which falls within the Northern District of New York. *See* 28 U.S.C. § 112(a). Venue is therefore proper in the Northern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 5, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

4